UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
HERMIE GLYNN CHESTNUT,

                Petitioner,

     -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

16 Civ. 9338 (GBD) (KNF)
12 Crim. 837 (GBD)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* Petitioner Hermie Glynn Chestnut seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (*See* Pet., ECF No. 1.) Petitioner pleaded guilty to charges of conspiracy to commit wire fraud, wire fraud, and aggravated identity theft stemming from his involvement in a scheme to dupe multiple victims into overpaying for shipments of lumber. (*See* Affirmation of Edward B. Diskant ("Diskant Aff."), ECF No. 10, Ex. C ("Plea Tr.") at 8:2–12, 13:22–16:6.) Petitioner's conviction was affirmed on direct appeal.[1] *See United States v. Chestnut*, 613 F. App'x 82 (2d Cir. 2015).

    Petitioner asserts that he is entitled to habeas relief on grounds of ineffective assistance of trial and appellate counsel and prosecutorial misconduct. (*See* Pet. at 5, 34, 47, 50.[2]) The asserted grounds for relief are related to a collection of six documents (the "Restitution Documents") the

---

[1] Petitioner's first appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 748 (1946) stating that there were no non-frivolous issues to be raised on appeal. (*See* Diskant Aff., Ex. F.) Petitioner then requested new appellate counsel, who filed a brief on his behalf challenging his conviction on the basis that this Court should have held a hearing to determine Chestnut's mental competency prior to accepting his guilty plea. (*See* Diskant Aff., Ex. G (Petitioner's appeal brief).)

[2] The Petition consists of 82 pages, which are inconsistently numbered. (*See* Pet.) The pages referenced herein are numbered sequentially in the order submitted by Petitioner, consistent with the page numbers used by the Government in its opposition to the Petition. (*See* Diskant Aff. ¶ 1 & Ex. A.)

1

Government disclosed to the defense in connection with the Government's request for restitution at his sentencing.[3]

Petitioner claims his trial counsel was ineffective for failing to discover the information in the Restitution Documents prior to his guilty plea and sentencing, that the Government's belated disclosure of the Restitution Documents violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and that his appellate counsel was ineffective for failing to make arguments regarding the amount of the restitution ultimately ordered and the claimed *Brady* violation. (*See* Pet. at 5, 34, 47, 50.)

Before this Court is Magistrate Judge Kevin N. Fox's January 19, 2018 Report recommending the petition be denied. (Report and Recommendation ("Report"), ECF No. 13.) Magistrate Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 12.) Petitioner filed objections which, though untimely, have been considered. (*See* Pet. Objs., ECF No. 14.) This Court overrules those objections and ADOPTS the Report in full. Accordingly, the petition is DENIED.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its

---

[3] Under the terms of his plea agreement, Petitioner agreed not to appeal an award of restitution of up to $1 million. (*See* Diskant Aff., Ex. B ("Plea Agmt.") at 5.) At sentencing, the Government sought $1,095,331.14 in restitution and forfeiture (*see* Pet. at 51–55 (proposed restitution order)), which Petitioner opposed. (*See* Diskant Aff., Ex. D ("Sentencing Tr.") at 21:1–13.) The Government disclosed the Restitution Documents to Petitioner and his counsel as support for the amount of restitution sought. (*See* Pet. Reply, ECF No. 6, at 7.) The order of restitution ultimately entered by this Court (the "Restitution Order") was in the amount of $999,988.53. (Diskant Aff., Ex. N ("Restitution Order").)

2

own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). In addition, if a party's objection reiterates a prior argument, or consists entirely of conclusory or general arguments, the court should review the report only for clear error. *See McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009); *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339–40 (S.D.N.Y. 2009). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### I. PETITIONER'S GROUNDS FOR HABEAS RELIEF HAVE NO MERIT

All of Petitioner's objections reiterate arguments made to Magistrate Judge Fox. (*See generally* Pet.; Pet. Reply.) As such, this Court need only review the Report for clear error. *McDonaugh*, 672 F. Supp. 2d at 547. But even upon *de novo* review, none of Petitioner's grounds for habeas relief has merit.

#### A. Ineffective Assistance of Trial Counsel in Connection with Petitioner's Guilty Plea

The Report correctly found Petitioner's "claim that his [trial] counsel failed to investigate 'the actual loss amounts, and who were actually victims, within the pretrial stage' is meritless." (Report at 9.) Petitioner argues that an evidentiary hearing is required because his ineffective assistance of counsel claim "speak[s] directly to the interactions outside of the presence of the Court," which are "not on the record." (Pet. Objs., ECF No. 14, at 3.) But this "conclusory assertion" is unsupported by any "specific facts" that Petitioner believes could be established at a

3

hearing.[4] *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013). Moreover, any failure to investigate could not have prejudiced Petitioner. This Court previously determined that Petitioner "made no showing that the [Restitution Documents] constitute exculpatory evidence at all relevant to his guilt or innocence or the Government's ability to prove its case beyond a reasonable doubt." (Memorandum Decision and Order, *United States v. Chestnut*, No. 12 Crim. 837 (GBD), 2014 WL 3610862, at *2 (S.D.N.Y. July 14, 2014) ("Reconsideration Decision"), ECF No. 80.) The Report correctly found the petition does not contain any evidence that would warrant changing that determination. (Report at 11–12.)

Petitioner argues that he was prejudiced by his trial counsel's advice to accept a plea agreement because there is a "reasonable probability that" the information in the Restitution Documents "would have produced a different result at a plea proceeding." (Pet. Objs. at 13.) But Petitioner has failed to establish a reasonable probability that he would have gone to trial.[5] As noted above, Petitioner has not shown the Restitution Documents would have had any impact on

---

[4] Petitioner's citation to *Chang v. United States*, 250 F.3d 79 (2d Cir. 2001), is unavailing. (*See* Pet. Objs. at 3). In that case, the Second Circuit found that "a full testimonial hearing" was *not* required because the "district court's review of the submitted papers constituted a sufficient evidentiary hearing on the facts of th[e] case." *Chang*, 250 F.3d at 80. The same is true here, as the papers submitted by Petitioner establish that his trial counsel was aware of the facts he claims she failed to investigate. (*See* Pet. at 19–20 (March 9, 2013 email from Petitioner to his trial counsel with comments regarding victims and providing a "numeric reconciliation" which yielded a "total victim loss well below 400K").)

[5] In determining whether a defendant would have insisted on a trial, courts consider the factors set forth in *Chhabra v. United States*:

> (a) whether the defendant pleaded guilty in spite of knowing that the advice on which he claims to have relied might be incorrect, (b) whether pleading guilty gained him a benefit in the form of more lenient sentencing, (c) whether the defendant advanced any basis for doubting the strength of the government's case against him, and (d) whether the government would have been free to prosecute the defendant on counts in addition to those on which he pleaded guilty.

720 F.3d 395, 408 (2d Cir. 2013).

4

the Government's ability to prove his guilt. Petitioner's guilty plea clearly provided him with the benefit of a more lenient sentence, because the Government agreed to a lower stipulated Guidelines range than the one stated in the presentence report ("PSR"), even though it believed the range stated in the PSR was correct. (Sentencing Tr. at 7:21 – 8:23.) And if he had not pled guilty, the Government could have prosecuted Petitioner on the additional counts in the Indictment that were dismissed pursuant to his plea agreement. (*See id.* at 22:21–24 (dismissing two open counts in the Indictment).). Moreover, Petitioner equivocates as to whether he would have gone to trial if he had known of the Restitution Documents, asserting that he "would have been influenced to pursue further plea negotiations based on actual proof of loss, and alternatively to proceed to trial." (Pet. Objs. at 13.) Thus, Petitioner has not shown a reasonable probability that he would have proceeded to trial if the Restitution Documents had been disclosed.

## B. Ineffective Assistance of Trial Counsel in Connection with Petitioner's Sentence

Petitioner objects to the Report's finding that trial counsel's performance in connection with his sentencing was not ineffective. (Pet. Objs. at 7.) Petitioner asserts that his trial counsel "failed to avail herself of opportunities to discover inaccurate substance" in his PSR. (Pet. at 34.) But the Report correctly found that Petitioner's counsel made numerous factual objections to the PSR. (Report at 10.)

Petitioner also objects that "the Magistrate Judge completely fails to acknowledge [t]rial counsel's own statements on the record . . . that she made statements at [Petitioner's] sentencing that were contrary to [Petitioner's] position." (Pet. Objs. at 3.) In the portion of the sentencing transcript identified by Petitioner, the prosecutor stated, "We are seeking forfeiture in the amount of the [proposed] restitution order which is on consent." (Sentencing Tr. at 19:23–24.) Trial counsel interjected, "To be clear, the restitution order is not on consent . . . . Up to a million dollars

5

would be on consent." (*Id.* at 19:25 – 20:2.) Petitioner asserts that trial counsel did not accurately represent his position at sentencing, because Petitioner "never agreed to any restitution other than that he would not appeal any amount that was up to $1 million[.]" (Pet. Objs. at 4.) Regardless of whether trial counsel's statements were accurate, Petitioner cannot show that he was prejudiced, as the sentencing was adjourned when Petitioner objected to the amount of restitution sought by the Government. (*See* Sentencing Tr. at 21:14–23.)

Petitioner further objects that his trial counsel failed to advise him that he would be sentenced and ordered to pay restitution based on his participation in the wire fraud conspiracy that he pled guilty to, even though some of the charges for substantive crimes committed during the conspiracy were dismissed as a result of his plea agreement. (Pet. Objs. at 7–8.) But the Report correctly found that any such failure is harmless because, even discounting the amounts relevant to the dismissed charges, the loss and restitution amounts were within the range stipulated in the plea agreement.[6] (Report at 10–11.)

On February 10, 2014, prior to the entry of a restitution order, the Government disclosed the Restitution Documents to Petitioner and his counsel as support for the amount of restitution sought. (Letter from Edward B. Diskant to this Court dated Feb. 3, 2017 ("Diskant Letter"), ECF No. 9, at 4.) At a hearing on February 19, 2014, Petitioner's first trial counsel was relieved, and a second trial counsel was appointed to "represent [Petitioner] on his case before [this Court]."[7] (*See*

---

[6] Petitioner cites *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), as support for his argument that he was prejudiced by his trial counsel's failure to advise him regarding the restitution he would be responsible for. (Pet Objs. at 7.) But that case invalidated a Colorado statute requiring individuals whose state law convictions were reversed or vacated to prove their innocence in order to receive a refund of restitution. *Nelson*, 137 S. Ct. at 1255. Petitioner was not convicted under Colorado law, and his conviction and the Restitution Order remain valid.

[7] Petitioner's trial counsel sought to be relieved because Petitioner had written letters to her office indicating Petitioner believed there were "deficiencies in [her] performance" and that he intended to assert an ineffective assistance of counsel claim on his direct appeal. (Feb. 19, 2014 Hearing Tr. at 2:11–20.)

6

Diskant Aff., Ex. E ("Feb. 19, 2014 Hearing Tr."), at 11:10–12.) Petitioner's second trial counsel made no objections to the loss amount or restitution ultimately proposed by the Government. (Diskant Letter at 4.) On April 9, 2014, the Government submitted a revised proposed restitution order in the amount of amount of $999,988.53, which was entered by this Court on April 10, 2014.[8] (*See id.*; Restitution Order.) Petitioner does not argue that his second trial counsel was ineffective.

## C. Ineffective Assistance of Appellate Counsel and Prosecutorial Misconduct

The Report found that Petitioner's appellate counsel was not ineffective for failing to raise arguments relating to restitution. (Report at 11.) Petitioner objects that Magistrate Judge Fox "misses the fact that [a]ppelate [sic] counsel had a developed record to challenge the restitution, because . . . the loss attributed to [several victims] was in error . . . , as there was no loss to award them any restitution." (Pet. Objs. at 9.) This objection has no merit. The Report correctly found an appeal of the restitution order was barred by Petitioner's plea agreement, and Petitioner's appellate counsel was not ineffective for failing to raise it. (Report at 11.)

Petitioner also objects that Magistrate Judge Fox "fails to acknowledge the [G]overnment acknowledged prejudice." (Pet. Objs. at 9.) In the transcript excerpt cited by Petitioner, the Government notes that the amount it is seeking in restitution is higher than the $1,000,000 amount set forth in the plea agreement, and states that "[i]n order to try and repair any potential prejudice that has been caused to the defendant by this discrepancy, the [G]overnment . . . will withdraw its request for a forfeiture order." (Feb. 19, 2014 Hearing Tr. at 7:2–8:9.) Thus, the "potential

---

[8] Following entry of the restitution order, Petitioner's second trial counsel filed a motion seeking vacatur of his guilty plea and sentence and reconsideration of the restitution order. (*See* Letter from Edward D. Wilford to this Court dated May 1, 2014, *United States v. Chestnut*, No. 12 Crim. 837 (GBD), ECF No. 63.) In that motion, Petitioner argued that the Government's failure to provide the Restitution Documents violated the Government's *Brady* obligations and Petitioner's Fifth and Sixth Amendment rights. (*See id.*) This Court issued a written decision denying the motion. (*See* Reconsideration Decision.)

7

prejudice" referred to by the Government arose from the fact that it was seeking more in restitution than the range set forth in the plea agreement, not Petitioner's appellate counsel's performance.

Petitioner also objects that "the Magistrate [Judge] misses . . . that [Petitioner] wanted [appellate] counsel to raise claims of innocence," which Petitioner asserts were not barred by the plea agreement. (Pet. Objs. at 10.) Though the plea agreement does contain an exception to the appellate waiver if the Government fails to produce "information establishing the factual innocence of the defendant," (Plea Agmt. at 5), Petitioner has not identified any such information. The only information that Petitioner identifies is the Restitution Documents. (*See* Pet. Objs. at 10 (citing Pet. Reply at 6–11).) The Report correctly found Petitioner's appellate counsel was not ineffective for failing to raise arguments regarding the Restitution Documents, because Petitioner has not shown that the Restitution Documents constitute evidence that is exculpatory, let alone that they establish factual innocence. (Report at 11.) For the same reasons, the Report correctly found Petitioner cannot establish that the Government committed prosecutorial misconduct by failing to disclose the Restitution Documents prior to the entry of Petitioner's guilty plea, because the Restitution Documents did not constitute *Brady* material. (*Id.* at 11–12.) Petitioner's objections to these findings are without merit.

## CONCLUSION

Magistrate Judge Fox's Report and Recommendation is ADOPTED. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is DENIED. As Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; *Tankleff v. Senkowski*, 135 F.3d 235, 241 (2d. Cir. 1998). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444 (1962).

The Clerk of Court is directed to close this case.

Dated: New York, New York
April 25, 2018

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge